doors of the bus numerous times, is an attempt to recreate Phiropoulos' incident. Without a proper foundation, the videotape is inadmissible.

We find that the trial court's admission of Bi–State's videotape into evidence without a proper foundation was an abuse of discretion. *Richardson v. State Hwy. & Transp. Com'n,* 863 S.W.2d 876, 881[15] (Mo. banc 1993).

Judgment reversed and remanded.

AHRENS, P.J., and KAROHL, J., concur.

*ORDER*

PER CURIAM.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

■

Arlandus MAYO, Defendant/Appellant,

v.

STATE of Missouri, Plaintiff/Respondent.

No. 67302.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 8, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.

■

MID–AMERICA GEORGIAN GARDENS, INC., et al., Appellants,

v.

MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Potosi Care Center and Potosi Manor, Respondents.

No. WD 50545.

Missouri Court of Appeals,
Western District.

Aug. 15, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

