**Martin CABALLERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00401–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1996.

William W. Burge, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Martin Caballero appeals from a jury conviction for aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1994).[1] The jury assessed punishment, enhanced by one prior conviction, at twenty-five years in the Texas Department of Criminal Justice, Institutional Division. In four points of error, Caballero contends the trial court erred by: (1) improperly admitting prejudicial and inflammatory testimony; (2) failing to conduct a balancing test on two occasions to determine whether the danger of unfair prejudice of certain evidence outweighed its probative value; and (3) refusing to grant a mistrial as a result of improper jury argument. We affirm.

Caballero worked for a company that contracted with a steakhouse to clean the restaurant after hours. On an evening when Caballero was working, two men entered the restaurant with weapons. The men were accomplices of Caballero, who helped plan the offense. The complainant, the manager of the steakhouse, was in the restaurant after business hours when the robbery occurred. During the commission of the offense, Caballero's accomplices struck and kicked the complainant, threatened to kill him, bound him with duct tape, and stole his money and car. The men also stole over one thousand dollars from the restaurant.

In his first point of error, Caballero contends the trial court erred by allowing the complainant to testify as to what he was thinking when the crime occurred. During direct examination, the complainant testified that he was in fear of his life during the commission of the offense. Immediately following this testimony, the prosecutor asked, "While this is going on and you are told you are going to die what types of things are going through your mind?" Caballero objected to this question on the basis that such testimony was "inflammatory" and "prejudicial." The trial court overruled the objection, and the complainant testified that he feared his "beautiful three-year-old daughter and beautiful wife" were going to miss him, and that he would miss them.

An objection to evidence as "inflammatory" and "prejudicial" is effectively an objection that the probative value of the evidence is substantially outweighed by its prejudicial effect. *Moreno v. State,* 858 S.W.2d 453, 463 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); *see also* TEX.R.CRIM. EVID. 403. We measure the trial court's ruling on a Rule 403 objection under an abuse of discretion standard. *Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim.App. 1990) (opinion on rehearing).

The evidence offered by the State has probative value because it was relevant to the issue of whether the complainant was placed in fear of death or imminent bodily injury. In order to prove an aggravated robbery, the State must prove the defendant committed a robbery plus one of several aggravating factors. *See* TEX.PENAL CODE ANN. § 29.03. A person commits a robbery if, in the course of committing a theft, and with the intent to obtain or maintain control of the property, the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). Testimony that a robbery victim feared he would never see his wife or daughter again is circumstantial evidence that he was placed in fear of imminent bodily injury or death.

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

Further, the probative value of this testimony was not substantially outweighed by the danger of unfair prejudice. Virtually all evidence offered by the prosecution will be prejudicial to the defendant, and thus, only unfair prejudice should be excluded. *Fletcher v. State*, 852 S.W.2d 271, 277 (Tex. App.—Dallas 1993, pet. ref'd.). Unfair evidence is that which has an undue tendency to suggest that a decision be made on an improper basis, commonly an emotional one. *Montgomery*, 810 S.W.2d at 389. Moreover, Rule 403 requires exclusion of evidence only if the danger of unfair prejudice *substantially* outweighs the probative value. TEX. R.CRIM.EVID. 403 (emphasis added). Thus, in close cases the trial court should favor admission, in keeping with the presumption of admissibility of all relevant evidence. *Montgomery*, 810 S.W.2d at 389.

The complainant's testimony, that he was thinking about the impact the crime would have on his family, is not the type of testimony that would cause the jury to make a decision on an improper basis. The jury was certainly permitted to consider that the robbers placed the complainant in fear of death because it was one of the essential elements of the crime for which appellant was indicted. Testimony which emphasizes the human impact of the crime may be prejudicial to the defense, but, in this case, the testimony did not rise to unfair prejudice. Accordingly, the trial court did not abuse its discretion. We, therefore, overrule Caballero's first point of error.

In his second point of error, Caballero contends the trial court erred by failing to conduct a balancing test in accordance with Rule 403. Specifically, he argues the court did not determine whether the probative value of the complainant's testimony, discussed above, was substantially outweighed by its danger of unfair prejudice. Once a party objects to evidence under Rule 403, the trial court must engage in the balancing process. *Montgomery*, 810 S.W.2d at 389. The court should question the proponent of the evidence as to his need for the

evidence, and the opponent as to the prejudicial effect the evidence will have. The trial court, however, is not required to make these inquiries, and a failure to do so will not necessarily constitute an abuse of discretion. *See e.g., Houston v. State*, 832 S.W.2d 180, 185 (Tex.App.—Waco 1992), *pet. dism'd, improvidently granted*, 846 S.W.2d 848 (Tex. Crim.App.1992). Further, a trial court is not required to affirmatively state on the record either that he has conducted a balancing test or his reasons for the ruling.[2] *Nolen v. State*, 872 S.W.2d 807 (Tex.App.—Fort Worth 1994, pet. ref'd); *Houston*, 832 S.W.2d at 183–84.

In the instant case, the court did not question the parties about their respective need for, or opposition to, the proffered testimony. Although the trial court judge did not state for the record he had conducted a balancing test, we can infer from the record that he did. The evidence was offered to prove up the State's case-in-chief by introducing evidence on one of the elements of the offense. It was not an attempt to inject extraneous matters into the trial, or to impeach a witness, which may require the court to have more information. *See e.g.* TEX. R.CRIM.EVID. 609 (establishing guidelines for the admission of prior convictions as impeachment evidence). Moreover, the trial court judge is present in the court room, and generally has considerable experience to draw upon. Therefore, the trial court judge is in the best position to determine the merits of an objection contending that evidence will unfairly prejudice the jury. Under these facts, it is a reasonable conclusion that the judge determined, with relatively little information, that the jury would not be inflamed by otherwise probative evidence. Here, we can reasonably infer from the record that the trial court balanced the pertinent factors. Accordingly, we overrule Caballero's second point of error.

Caballero, in his third point, contends the trial court erred by failing to conduct a balancing test with regard to the admission of a prior burglary conviction of a witness. The

---

2. The Court of Criminal Appeals, however, has noted that "[a]ppellate review of the trial court's balancing under Rule 403 would be facilitated by on-the-record articulation of the considerations that governed the trial court's decision." *Montgomery*, 810 S.W.2d at 393 n. 4.

credibility of a witness may be attacked with a prior conviction if the conviction was for a felony or involved moral turpitude. TEX. R.CRIM.EVID. 609(a). However, before this evidence may be admitted, the court must determine that the probative value of admitting the evidence outweighs its prejudicial effect to the party. *Id.* Evidence of a conviction under this rule is admissible if a period of less than ten years has elapsed since the date of the conviction or the release date of the witness from confinement imposed for that conviction. *Id.* at 609(b).

Caballero filed a pretrial motion in limine requesting that, before any prior conviction evidence be introduced by the State, the court conduct a hearing to determine the admissibility of that evidence outside the presence of the jury. The trial court did not rule on the motion prior to trial. However, after the State rested, the defense reurged the grounds in the motion, which the trial court overruled. The court stated, "I will advise you before your client testifies that that objection [referring to the grounds in the motion in limine] will be overruled."

 We do not need to address the merits of this point because the defendant never testified. To preserve error on a trial court's ruling allowing the State to impeach a defendant with prior convictions, the defendant must have actually testified. *Morgan v. State,* 891 S.W.2d 733, 735 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Perea v. State,* 870 S.W.2d 314, 319 (Tex.App.—Tyler 1994, no pet.); *Richardson v. State,* 832 S.W.2d 168, 172 (Tex.App.—Waco 1992, pet. ref'd); *see also Luce v. United States,* 469 U.S. 38, 43, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984) (holding that a defendant must actually testify to preserve error on improper impeachment under Federal Rule of Evidence 609(a)). It is unlikely that a reviewing court can weigh the probative value of the proffered testimony against its prejudicial effect without a factual record of the defendant's testimony. *Morgan,* 891 S.W.2d at 735 (citing *Luce,* 469 U.S. at 40, 105 S.Ct. at 463). Moreover, the alleged harm would be speculative because the trial court could change the previous ruling and prohibit the impeachment, or the prosecutor may decide

not to use the prior conviction. *Id.* Additionally, the trial court's ruling was essentially on the pretrial motion in limine, and a ruling on a motion in limine is not sufficient to preserve error for appellate review. *Webb v. State,* 760 S.W.2d 263, 275 (Tex.Crim.App. 1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1988); *Morgan,* 891 S.W.2d at 735. Caballero's third point of error is, therefore, overruled.

 In his fourth point, Caballero contends the trial court erred by refusing to grant a mistrial following improper jury argument during the punishment phase of trial. He contends the prosecutor improperly sought to argue the expectations of the community, and that the prosecutor interjected his personal opinion into the argument. Proper jury argument falls into four categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument by opposing counsel; and (4) plea for law enforcement. *Harris v. State,* 784 S.W.2d 5, 12 (Tex.Crim.App.1989), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990). An argument designed to induce the jury to convict an accused or assess a particular punishment based upon community sentiment is improper. *Cortez v. State,* 683 S.W.2d 419, 420 (Tex.Crim.App.1984).

 Caballero first objected to the State's closing argument when the prosecutor stated, "Have [Caballero] tell the other people he meets in prison what kind of sentence does a two-time prior convicted felon get when a jury finds him guilty." At trial, the defense objected to this comment as outside the scope of the court's instructions to the jury. On appeal, he is urging that the prosecutor improperly appealed to community expectations for a conviction and injected facts outside of the record. Where the trial objection does not comport with the issue raised on appeal, no error is preserved for appellate review. *Banda v. State,* 890 S.W.2d 42, 62 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *see also* TEX.R.APP.P. 52(a) (requiring a specific objection to preserve a complaint for appellate review). Nevertheless, we find this comment to be

within the scope of a proper plea for law enforcement, and thus, not error.

The next complaint is to a comment in which the prosecutor stated, "I mean, what in the world—and I'm sure that you all were thinking this as I when I was seated here—what in the world is this world coming to? At what point do we put our feet down?" Caballero contends this comment improperly interjected the prosecutor's personal opinion in the case. The court sustained this objection, and instructed the jury to disregard the comment. Caballero subsequently requested a mistrial.

A prosecutor may argue his opinion concerning issues in the case so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony. *Penry v. State*, 903 S.W.2d 715, 756 (Tex.Crim.App.1995) (per curiam), *cert. denied*, —— U.S. ——, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). The prosecutor's comment did not seek to introduce matters outside of the record, and, like the argument addressed above, was a plea for law enforcement. Standing alone, we do not find the comment to be error, but the trial court *sua sponte* instructed the jury to disregard the comment. Thus, even if the comment was improper, the instruction to disregard cured any harm. *See Harris*, 784 S.W.2d at 14 (holding that an instruction to disregard would cure error where the prosecutor stated that, in his opinion, the jury should answer "yes" to a special issue submitted during the punishment phase). It is presumed that juries follow the instructions given to them by the trial court. *Sanchez v. State*, 837 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

Finally, Caballero contends the State engaged in improper jury argument by reminding the jury that they are members of the community. The prosecutor stated, "[J]urors are sick and tired of this. Jurors are tired of crime because jurors such as yourself are members of the community you represent. You represent the community." Caballero did not object to this argument, and thus, to warrant a reversal, the argument must be so prejudicial that an instruc-

tion to disregard could not have cured the harm. *Id.* at 12.

A prosecutor may argue the impact of a verdict on the community. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App. 1990). Moreover, not every reference to the community made in closing argument by a prosecutor constitutes an improper appeal to community desires. *Goff v. State*, 794 S.W.2d 126, 127 (Tex.App.—Austin 1990, pet. ref'd). For example, an argument that the community wants a conviction because it is the only rational verdict based on the evidence is simply a variation on the traditional plea for law enforcement. *Id.* at 128. The argument which Caballero complains of did not even go this far because the prosecutor did not imply that the community is demanding a conviction. In this context the argument is another proper plea by the prosecutor for law enforcement. Accordingly, we overrule Caballero's fourth point of error.

The judgment of the trial court is affirmed.