Affirmed and Opinion filed July 11, 2002









Affirmed and
Opinion filed July 11, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-01-01089-CR

_______________

 

ROBERT CURTIS
WHITE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 862,398

                                                      
                                                                                         

 

O P I N I O N

            A jury found appellant,
Robert Curtis White, guilty of robbery, and the trial court assessed his
punishment at 20 years confinement. 
Appellant asserts three points of error on appeal.  We affirm.

            While monitoring closed circuit
cameras at a JCPenney store in a Houston mall on November 30, 2000, loss
prevention officer Wes Clarke observed appellant roll up several  items of clothing, conceal them in his
overalls, and enter a fitting room.  When
appellant exited the fitting room, Clarke noticed appellant possessed different
items of clothing.  After appellant left
the store, Clarke investigated the fitting room.  He discovered that the items appellant had
concealed were not in any of the fitting rooms. 
Clarke followed appellant into the parking lot, stopped him, and
requested that he return to the store. 
Appellant told Clarke that he did not have any merchandise and refused
to return to the store.

            When another loss prevention officer
arrived, appellant fled on foot.  Clarke
chased and caught up with him, and placed him in a choke hold to prevent him
from escaping.  Appellant unsuccessfully
tried to push and hit Clarke to escape his hold.  Appellant slipped out of Clarke’s grip and
bit him on the bicep hard enough to break the skin and leave a bruise that
lasted two weeks.  Then, Clarke struck
appellant, handcuffed him, and led him back to the store.  Inside the loss prevention office, Clarke
removed from inside appellant’s clothing six JCPenney shirts, each with a price
tag attached.  Later, Officer Kerry Shaw
of the Houston Police Department interviewed Clarke for the offense report,
photographed the bite mark on Clarke’s bicep, and took custody of the shirts
and appellant.

                                                              Motion in Limine

            In his first point of error,
appellant asserts the trial court erred by denying his motion  in limine to bar the State’s use for
impeachment purposes of his 25 year old conviction for aggravated robbery.  Appellant’s motion in limine asked the trial
court to prohibit the State’s anticipated use for impeachment of his
convictions for aggravated robbery and theft of mail.  The trial court sustained his objection as to
the conviction for theft of mail, but overruled his objection as to the
conviction for aggravated robbery. 
Appellant thereafter chose not to testify at trial.

            On appeal, appellant argues that
“[t]he case turned on [his] version versus that of the complainant loss
prevention officer,” and that “his right to testify and present a defense was
denied due to the threat of impeachment during the guilt innocence phase.”  We disagree.

            The courts have settled appellant’s
complaint adversely to him.  Appellant
must actually testify in order to preserve a pretrial ruling on the
admissibility of prior conviction impeachment evidence.  See
Jackson v. State, 992 S.W.2d 469, 479–81 (Tex. Crim. App. 1999) (adopting
reasoning in Luce v. State, 469 U.S.
38, 43 (1984); Caballero v. State,
919 S.W.2d 919, 923 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).  Otherwise, a reviewing court would be forced
to speculate about (1) the exact nature of the defendant’s testimony, (2)
whether the trial court’s decision would have remained the same or would have
changed as the case continued, (3) whether the State would have sought to
impeach the defendant with the prior conviction, (4) whether the defendant
would have testified regardless, and (5) whether any resulting error in
allowing impeachment would have been harmless. 
Jackson, 992 S.W.2d at
479.  

            Although appellant points to Theus v. State in support of his
argument, that case is distinguishable in that the defendant testified at trial
and was impeached with evidence of his prior felony conviction.  845 S.W.2d 874, 881 (Tex. Crim. App.
1992).  Here, appellant chose not to
testify.  Thus, because there is no
factual record of appellant’s testimony, we are unable to weigh the probative
value of his testimony against the prejudicial effect of the conviction.  Tex.
R. Evid. 609(b); Caballero,
919 S.W.2d at 923.  Error, if any, was
not preserved because appellant did not testify.  Appellant’s first point of error is
overruled.

                                                  Comment
on Failure to Testify

            In his second point of error,
appellant contends the trial court erred in denying his motion for mistrial
because the opening remarks of the prosecution’s closing argument constituted a
comment on appellant’s failure to testify, violating his Fifth Amendment right
against self-incrimination.  In
particular, appellant points to the prosecutor beginning his closing argument
as follows:

            PROSECUTOR:        Mr. Smith.  Ladies and
gentlemen of the jury: This defendant wants to tell you today that it’s all--

            SMITH:                      Objection, Your Honor.  May we approach the Bench?

            THE COURT:            Yes, sir.

            SMITH:                      Your Honor, I object to that argument as
calling attention to the Defense’s failure to testify.

            THE COURT:            I’ll sustain it.

            SMITH:                      I’d ask for an instruction.

            THE COURT:            That will be -- The jury will disregard the last
statement of the counsel for the State entirely.

            SMITH:                      And I move for a mistrial.  

            THE COURT:            That will be overruled.

            Proper State’s argument must fall
within one of four general categories: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement. 
Shannon v. State, 942 S.W.2d
591, 597 (Tex. Crim. App. 1996).  A
prosecutor violates both federal and state constitutions if he comments on a
defendant’s failure to testify.  Bustamante v. State, 48 S.W.3d 761, 764
(Tex. Crim. App. 2001).  

            A court must review the language in
question from the jury’s standpoint “and the implication that the comment
referred to the defendant’s failure to testify must be clear.”  Id.
at 765.  The court then determines
whether the language in question was manifestly intended or of such a character
that the jury would necessarily and naturally take it as a comment on the
accused’s failure to testify.  Id. 
An indirect or implied allusion to the defendant’s failure to testify is
not enough.  Id.  Furthermore, a court’s
instruction to disregard, as was given here, will generally cure the
comment.  Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995).  

            In this case, the context of the
prosecutor’s remark — indeed, the opening remark in his closing statement —
showed that it was the beginning of a summary of the defense’s theory of the
case.  The prosecutor’s remark, though
terminated before his sentence was completed, was in response to opposing counsel’s presentation, not to appellant
personally.  The prosecutor’s interrupted
comment, which the trial court instructed the jury to disregard, was at worst
an indirect or implied allusion, not a direct comment on appellant’s failure to
testify.  Thus, appellant’s second point
of error is overruled.




 








                                                             Sufficiency
Review

            In his third point of error,
appellant argues that the evidence is legally and factually insufficient to
support a finding that he intentionally and knowingly committed the offense of
robbery.

            In determining legal sufficiency, we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the elements of the offense
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318–19
(1979); Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).  The
jury is the exclusive judge of the facts proved, credibility of the witness,
and the weight to be given their testimony. 
Bingall v. State, 887 S.W.2d
21, 24 (Tex. Crim. App. 1994).

            To obtain a conviction of robbery,
the State must prove that the defendant, “in the course of committing a theft,”
and with intent to obtain or maintain control of property intentionally,
knowingly, or recklessly caused bodily injury to another.  Tex.
Pen. Code Ann. § 29.02(a)(1) (Vernon 1994).  “In the course of committing theft” means
conduct that occurs in an attempt to commit, during the commission, or in
immediate flight after the attempt or commission of theft.  Id. at § 29.01(1) (Vernon 1994).

            Appellant argues that the evidence
fails to (1) show that his alleged biting of the complainant, Clarke, was not
done in self defense, rather than in furtherance of theft, and (2) controvert
the fact that appellant was simply “trying to get away.”

            Appellant’s alleged biting of Clarke
is remarkably similar to the actions found elsewhere to constitute conduct
committed “in the course of committing theft.” 
In Thomas v. State, the
defendant was observed committing theft and was temporarily detained.  708 S.W.2d 580, 580 (Tex. App.—Eastland 1986,
pet. ref’d).  In an effort to escape, the
defendant assaulted a security guard by grabbing her throat, choking her,
pulling her hair, and tearing her blouse. 
Id.  The Eastland Court of Appeals held that a
rational trier of fact could find such conduct sufficient to establish the
elements of robbery beyond a reasonable doubt. 
Id. at 581.  Viewed in the light most favorable to the 








verdict, a
rational trier of fact could find that appellant’s conduct comprised all of the
elements of robbery.  Thus, the evidence
is legally sufficient.

            Appellant further argues that the
evidence is factually insufficient to show that he committed robbery.  Under a factual sufficiency analysis, we ask
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  King v.
State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).  After such a review, the evidence will not be
deemed factually insufficient unless (1) it is so weak as to be clearly wrong
and manifestly unjust, or (2) the adverse finding is against the great weight and
preponderance of the available evidence. 
Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).  Here,
appellant neither testified nor called any witness in his defense, such that
the State’s case was not outweighed by contrary evidence.  Neither was the State’s evidence so weak as
to render the verdict manifestly unjust. 
The State’s case was factually sufficient to show the offense of
robbery.  Appellant’s third point of
error is overruled. 

            The judgment is affirmed.

 

                                                                        /s/        Lee Duggan, Jr.

                                                                                    Senior
Justice

 

Judgment
rendered and Opinion filed July 11, 2002.

Panel
consists of Justices Hudson, Fowler, and Duggan.[1]

Do Not
Publish — Tex. R. App. P.
47.3(b).











[1]           Senior Justice Lee Duggan, Jr.,
sitting by assignment.