Affirmed and Memorandum Opinion filed February 5, 2004









Affirmed and Memorandum Opinion
filed February 5, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00118-CR

_______________

 

LLOYD ROBERT DAZEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial
Court Cause No. 39,753

______________________________________________________

 

M E M O R A N D
U M   O P I N I O N

A jury found appellant Lloyd Robert Dazey
guilty of aggravated sexual assault of a child. 
He appeals his conviction contending that (1) his trial counsel was
ineffective; and (2) the trial court erred in ruling that evidence of his prior
conviction would be admissible.  Because
all dispositive issues are clearly settled in law, we
issue this memorandum opinion and affirm. 
See Tex. R. App. P. 47.4.








Discussion

In his first issue, appellant contends his trial counsel was
ineffective because he did not investigate or call any mitigating witnesses
during his punishment hearing.  Because
appellant raised this issue in his motion for new trial, we will consider this as
a challenge to the denial of his motion for new trial.  Melancon
v. State, 66 S.W.3d 375, 378 n.3 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
We review a trial court=s denial of a motion for new trial for abuse of
discretion.  Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001).  

To demonstrate ineffective assistance of counsel, a defendant
must show that (1) counsel=s performance fell below an objective standard of
reasonableness under prevailing professional norms; and (2) there is a
reasonable probability that, but for counsel=s deficient performance, the result
of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688 (1984); Rodriguez
v. State, 899 S.W.2d 658, 664 (Tex. Crim. App.
1995).  In considering the first prong,
we indulge a strong presumption that counsel=s actions fell within the range of
reasonable professional assistance.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  To overcome this presumption, an
allegation of ineffectiveness must be firmly demonstrated in the record.  Id.

At the hearing on his motion for new trial, appellant called
eight friends and family members who stated that they would have testified at
appellant=s punishment hearing had they been
asked to do so.  Appellant=s trial counsel testified that
appellant had provided him with the names of some, but not all, of these
possible witnesses.  He further stated
that he asked appellant on several occasions for the names of any witnesses
that might be helpful to his case, and he did attempt to contact the witnesses
that appellant identified.  Appellant=s counsel decided not to call any of
the witnesses he contacted after evaluating their testimony and determining it
would not be helpful.  He articulated his
reasons for making this determination.  








All of appellant=s witnesses willing to testify either
had knowledge of appellant=s history of drug abuse and prior convictions, or they were
aware of appellant=s other negative characteristics.  Trial counsel may reasonably determine that
the potential benefit of mitigating witness testimony may be outweighed by the
risk of negative counter-testimony.  Bone
v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002).  Additionally, in this case,
appellant=s counsel did not try to identify any
potential witnesses on his own because he thought appellant was the best source
of potential character witnesses. 
Because appellant has failed to overcome the presumption that his
trial counsel=s actions fell within the range of
reasonable professional conduct, we conclude the trial court did not err in
overruling appellant=s motion for new trial. 
Accordingly, we overrule appellant=s first issue.

In his second issue, appellant contends the trial court erred
by ruling appellant=s prior felony conviction would be admissible for impeachment
purposes.  See Tex. R. Evid. 609.  Prior to the conclusion of the State=s case in chief, the trial court
conducted a hearing on appellant=s motion in limine.  Appellant sought to prevent the State from
mentioning his prior conviction for possession of a controlled substance.  The trial court did not rule on appellant=s motion at that time, and there is
no ruling reflected in the record. 
However, at appellant=s hearing on his motion for new trial, the trial court
iterated it had informed the State and appellant=s counsel during a break in the trial
that the prior conviction would be allowed into evidence.  The State claims that appellant failed to
secure an adverse ruling on the motion, and he, therefore, waived any
error.  See Tex. R. App. P. 33.1(a)(2)(A).  

Even assuming appellant did obtain an adverse ruling, he
still failed to preserve error because he did not testify.  In order to preserve a claim of improper
impeachment through prior convictions, a defendant must testify.  Caballero v. State, 919 S.W.2d 919,
923 (Tex. App.CHouston [14 Dist.] 1996, pet. ref=d). 
Appellant has waived this claim. 
Accordingly, we overrule appellant=s second issue.








In his third issue, appellant contends if conduct of his
counsel resulted in waiver of his second issue, then we should also find that
this failure constituted ineffective assistance of counsel.  We have found that appellant waived his
second issue because he failed to testify, so we need not address whether appellant=s trial counsel was ineffective for
failing to obtain an adverse ruling.  We
overrule appellant=s third issue.

Having overruled appellant=s issues, the judgment of the trial court is affirmed.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed February 5, 2004.

Panel consists of Justices Anderson
and Seymore and Senior Chief Justice Murphy.[1]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Senior Chief
Justice Paul C. Murphy sitting by assignment.