Affirmed and Memorandum Opinion filed December 23, 2008








Affirmed and Memorandum Opinion filed December 23, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00579-CR

____________

 

DEVIAN CHARLES BURKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1120743

 



 

M E M O R A N D U M   O P I N I O N

Appellant Devian Charles Burks appeals his conviction for
assault, claiming the trial court committed reversible error by (1) denying
appellant=s motion for mistrial, and (2) denying appellant the
right to testify free from impeachment from prior convictions.  We affirm.

I.  Factual and Procedural
Background








Appellant was charged with assault of complainant,
Margarita Salazar, with whom appellant shared a dating relationship.  Appellant
pleaded Anot guilty@ to the charges. 
At a jury trial, the complainant testified that she was ambivalent about
notifying the police about appellant=s assault on her
for fear that appellant would suffer repercussions because he was already on
parole for prior convictions.  Appellant objected to the complainant=s reference to his
being on parole and moved for a mistrial, which the trial court denied.  The
trial court instructed the jury to disregard the complainant=s statement.

The jury found appellant guilty of assault as charged in
the indictment.  Pursuant to an agreement as to punishment, appellant pleaded Atrue@ to two punishment
enhancement paragraphs.  Appellant was sentenced to twenty-five years= confinement. 
Challenging his conviction, appellant raises two issues for appellate review.

II.  Issues and
Analysis

A.      Did the trial court commit
reversible error in denying appellant=s motion for mistrial when the complainant testified that
appellant was on parole for a prior conviction?

In his first issue, appellant complains that the
complainant=s reference to appellant=s parole indicated
that he held prior convictions.  Appellant objected to the following testimony
of the complainant and moved for a mistrial:

[PROSECUTOR]:  When you got home did you call the
police?

[COMPLAINANT]:  [I] [s]at there and thought about it because I still
hadBI still had that thought in my
heart that I knew [appellant] was on parole and I didn=tC

The
trial court sustained appellant=s objection to the complainant=s reference to
appellant=s parole status and denied appellant=s motion for
mistrial.  The trial court gave the jury the following instruction:

Okay. Ladies and Gentlemen I=m going to instruct you to disregard the reference to
parole.  It=s not admissible for your
consideration and it=s not really relevant to any issue
before you and you=re not going to consider it for any
purpose whatsoever in deciding the case.  








On
appeal, appellant claims that the trial court committed reversible error
because the trial court=s instruction did not adequately
compensate for the jury=s hearing of the inadmissible remark.

We
review a trial court=s denial of a motion for a mistrial under an
abuse-of-discretion standard.  See Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999).  A mistrial is an extreme remedy for prejudicial events
that occur at trial and should be exceedingly uncommon.  Bauder v. State,
921 S.W.2d 696, 698 (Tex. Crim. App. 1996).  A mistrial is required only when
the impropriety is clearly calculated to inflame the minds of the jury and is
of such a character as to suggest the impossibility of withdrawing the
impression produced in the minds of the jury.  Hinojosa v. State, 4
S.W.3d 240, 253 (Tex. Crim. App. 1999); Herrero v. State, 124 S.W.3d
827, 836 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  In analyzing whether a
prejudicial event is so harmful as to warrant a mistrial, we consider the
prejudicial effect, the curative measures taken, and the certainty of
conviction absent the prejudicial event.  See Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004).  Generally, a trial court=s prompt instruction to disregard
will cure error resulting from an improper question and answer regarding
extraneous offenses.  Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim.
App. 2000).  Because curative instructions are presumed effective to withdraw
from jury consideration almost any evidence or argument that is objectionable,
trial conditions must be extreme before a mistrial is warranted.  Bauder,
921 S.W.2d at 700.  This presumption may apply even when the instruction
follows violation of an order in limine.  Janney v. State, 938 S.W.2d
770, 773 (Tex. App.CHouston [14th Dist.] 1997, no pet.).  Thus, the
reviewing court presumes the jury followed the trial court=s directive.








In this case, it is clear from the State=s line of
questioning that the State was not seeking to elicit testimony about appellant=s parole status;
rather, the State sought testimony about when the complainant notified police. 
See Hughes v. State, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992) (op. on
reh=g) (holding that
jury instruction to disregard reference to the appellant=s parole status
was sufficient to cure the unresponsive answer).  The complainant=s answer was unresponsive. 
Moreover, the reference to appellant=s parole status
was not embellished nor was the reference Aso inflammatory as
to undermine the efficacy of the trial court=s instruction to
disregard it.@  See Gardner v. State, 730 S.W.2d 675, 697
(Tex. Crim. App. 1987); see also Hughes, 878 S.W.2d at 154.  Under the
general rule, the trial court=s prompt instruction to disregard the
reference was sufficient to cure the complainant=s unresponsive
answer.  See Hughes, 878 S.W.2d at 154.  Therefore, we overrule
appellant=s first issue.

B.      Did the trial court commit
reversible error in denying appellant an opportunity to testify without being
impeached with his prior felony convictions?

In his second issue, appellant complains that the trial
court committed reversible error by ruling that the State would be allowed to
impeach him with the five prior convictions if he chose to testify at trial. 
At trial, after the State rested its case, appellant re-urged his pre-trial
motion to testify free from impeachment with prior felony and misdemeanor
convictions.  The trial court ruled that it would allow impeachment with the
prior felony convictions barring any time restrictions, but the record does not
show that the trial court determined whether it would permit impeachment with
any misdemeanor convictions.  Appellant did not testify at trial.  Appellant
now argues that the trial court would have Aallow[ed] the
State to impeach@ appellant with five previous felony
convictions if appellant had testified.








Once a defendant testifies, he places his credibility at
issue and thereafter may be impeached like any other testifying witness.  See
Alexander v. State, 740 S.W.2d 749, 763 (Tex. Crim. App. 1987); Dale
v. State, 90 S.W.3d 826, 829 (Tex. App.CSan Antonio 2001,
pet. ref=d).  Under Texas
Rule of Evidence 609(a), the credibility of a witness may be attacked with a
prior felony conviction or a conviction that involved moral turpitude.  Tex. R. Evid. 609(a).  Before the
evidence is admitted, the trial court must determine that the probative value
of the evidence outweighs its prejudicial effect to the party.  Id. 
Evidence of a conviction is admissible under this rule if a period of less than
ten years has elapsed since the date of the conviction or the release date of
the witness from confinement imposed for that conviction.  Tex. R. Evid. 609(b).  We review a
trial court=s decision to admit prior convictions under an
abuse-of-discretion standard.  Theus v. State, 845 S.W.2d 874, 881
(Tex. Crim. App. 1992).

In this case, we do not reach the merits of appellant=s argument because
he did not testify at trial and appellant has not otherwise indicated what his
testimony would have been.  See Jackson v. State, 992 S.W.2d 469, 479
(Tex. Crim. App. 1999); Yanez v. State, 199 S.W.3d 293, 303 (Tex. App.CCorpus Christ
2006, pet. ref=d); Caballero v. State, 919 S.W.2d 919, 923
(Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).  To preserve
error on a trial court=s ruling that permits the State to impeach
a defendant with prior convictions, the defendant must have testified.  Jackson,
992 S.W.2d at 479; Yanez, 199 S.W.3d at 303; Caballero, 919
S.W.2d at 923.  A reviewing court is unable to weigh the probative value of the
proffered testimony against its prejudicial effect without a factual record of
the appellant=s testimony at trial.  Jackson, 992 S.W.2d at
479; Yanez, 199 S.W.3d at 303; Caballero, 919 S.W.2d at 923. 
Without such a record, there is no impeachment evidence for prior convictions
and we cannot sufficiently review for error.  See Long v. State, 245 S.W.3d
563, 573 (Tex. App.CHouston [1st Dist.] 2007, no pet.);
Yanez, 199 S.W.3d at 303.  Therefore, we overrule appellant=s second issue.

Having overruled appellant=s two issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Justices Anderson and Frost and Senior Justice Hudson.[1]

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Senior Justice J. Harvey Hudson sitting by
assignment