

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00336-CR

**DEREK BOLEWARE,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 32842CR

## MEMORANDUM  OPINION

Derek Boleware was convicted by a jury of the offense of Burglary of a Habitation and acquitted of the offense of Unlawful Possession of a Firearm by a Felon. TEX. PEN. CODE ANN. §§ 30.02 & 46.04 (Vernon 2003).  Boleware pled true to two prior felony convictions for enhancement purposes, and was sentenced to a term of thirty-five (35) years in the Texas Department of Criminal Justice – Institutional Division.  TEX. PEN. CODE ANN. § 12.42 (Vernon 2003).  Because we find the trial court did not abuse its discretion in denying Boleware's motion regarding prior convictions, that the questions by the State were not improper commitment questions, that the objection to the shoe

print comparison was waived, that Boleware failed to show prejudice from any *Brady* violations, the complaint regarding factual sufficiency was waived, and the evidence is legally sufficient, we affirm the judgment. We also deny Boleware's request to adopt his co-defendant's issues on appeal.[1]

*Admissibility of Prior Convictions*

Boleware filed a pre-trial motion to testify free from impeachment by his prior convictions. Under Texas Rule of Evidence 609(a), the credibility of a witness may be attacked with a prior felony conviction or a conviction that involved moral turpitude. TEX. R. EVID. 609(a). Before the evidence is admitted, the trial court must determine that the probative value of the evidence outweighs its prejudicial effect to the party. *Id.*

In this case, we do not reach the merits of Boleware's argument because he did not testify at trial and has not otherwise indicated what his testimony would have been. *See Jackson v. State*, 992 S.W.2d 469, 479 (Tex. Crim. App. 1999); *Yanez v. State*, 199 S.W.3d 293, 303 (Tex. App.—Corpus Christi 2006, pet. ref'd); *Caballero v. State*, 919 S.W.2d 919, 923 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *Richardson v. State*, 832 S.W.2d 168, 172 (Tex. App.—Waco 1992, pet. ref'd). To preserve error on a trial court's ruling that permits the State to impeach a defendant with prior convictions, the defendant must have testified. *Jackson*, 992 S.W.2d at 479 (*citing Luce v. United States*, 469 U.S. 38, 43, 105 S. Ct. 460, 464, 83 L. Ed. 2d 443 (1984) (holding that a defendant must actually testify to preserve error on improper impeachment under Federal Rule of

---

[1] Boleware was tried simultaneously on both charges together with his co-defendant, Sedric Lamon Smith, who was convicted both of the same burglary and the possession of a firearm by a felon (Nos. 10-08-00360-CR & 10-08-00361-CR).

Evidence 609(a)).; *Yanez*, 199 S.W.3d at 303; *Caballero*, 919 S.W.2d at 923. A reviewing court is unable to weigh the probative value of the proffered testimony against its prejudicial effect without a factual record of the appellant's testimony at trial. *Jackson*, 992 S.W.2d at 479; *Yanez*, 199 S.W.3d at 303; *Caballero*, 919 S.W.2d at 923. Without such a record, there is no impeachment evidence for prior convictions and we cannot sufficiently review for error. *See Long v. State*, 245 S.W.3d 563, 573 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Yanez*, 199 S.W.3d at 303. Therefore, we overrule Boleware's first issue.

*Commitment Questions*

Boleware contends that the trial court erred by allowing the State to improperly commit the jury panel to disregard the victim's criminal history. A commitment question is one that commits a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *Standefer v. State*, 59 S.W.3d 177, 179-80 (Tex. Crim. App. 2001). It is generally improper to ask a commitment question during voir dire because it amounts to an improper attempt to bind a juror. *See Lydia v. State*, 117 S.W.3d 902, 905 (Tex. App.—Fort Worth 2003, pet. ref'd) (op. on remand). However, some commitment questions are proper. *Id.*; *see Standefer*, 59 S.W.3d at 181-83.

For instance, counsel may ask prospective jurors whether they can follow the law when it requires a certain type of commitment from jurors and when the question states only the facts required to establish a challenge for cause. *Standefer*, 59 S.W.3d at 181-82 (illustrating that counsel can ask jurors whether they can consider probation when the

law requires the jurors to be able to consider the full range of punishment); *Vann v. State*, 216 S.W.3d 881, 884-85 (Tex. App.—Fort Worth 2007, no pet.). However, when "the law does not require the commitment, a commitment question is invariably improper." *Standefer*, 59 S.W.3d at 181.

Thus, the determination of whether a question is an improper commitment question consists of a three-part test: (1) is the question a commitment question; (2) could a possible answer to the question produce a valid challenge for cause because it would show that a juror would not follow the law; and (3) does the question only contain the facts required to make such a challenge. *See Tijerina v. State*, 202 S.W.3d 299, 302 (Tex. App.—Fort Worth 2006, pet. ref'd) (op. on reh'g). "[T]he purpose for prohibiting improper commitment questions by either the State or the defendant is to ensure that the jury will listen to the evidence with an open mind--a mind that is impartial and without bias or prejudice--and render a verdict based upon that evidence." *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005).

Attempting to determine whether a potential juror would automatically be biased against a witness who has a criminal history is a commitment question. *Lydia v. State*, 109 S.W.3d 495, 499 (Tex. Crim. App. 2003). We then must decide if a possible answer to the question could result in a challenge for cause. A prospective juror may be properly challenged for cause and removed "if he cannot impartially judge the credibility of a witness." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070, 146 L. Ed. 2d 487, 120 S. Ct. 1680 (2000). Potential jurors "must be

open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness." *Id*.

By asking the questions, it is apparent that the prosecution was trying to learn if any of the prospective jurors had "extreme or absolute positions regarding the credibility of any witness" based on the witness's potential criminal history. *Ladd*, 3 S.W.3d at 560. It is possible that the answers to these questions could lead to a challenge for cause under article 35.16(a)(9) based on a juror's bias. TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (Vernon 2006); *Ladd*, 3 S.W.3d at 560 (holding that a prospective juror may be properly challenged for cause and removed if he cannot impartially judge the credibility of a witness); *see also Rivera v. State*, 82 S.W.3d 64, 66-67 (Tex. App.—San Antonio 2002, pet. ref'd) (stating that if a prospective juror responded to a question by stating that he would automatically disbelieve a defendant's testimony simply because he was the defendant, that person would be stricken for cause). Thus, the questions meet the second *Standefer* prong for proper commitment questions. *See Lydia*, 117 S.W.3d at 906. Boleware does not contend that the questions contained more facts than necessary, but only that the questions were improper commitment questions because they committed the venire to not considering whether the witness was "a bad guy" in their deliberations. We overrule issue two.

*Shoe Print Comparison*

Boleware complains that the trial court abused its discretion in allowing opinion testimony from a law enforcement officer investigating the scene of the burglary. The officer testified that a shoe print was found on one of the doors to the victim's residence

that had been kicked in.  She compared a photograph of that print to Boleware's shoes and stated that it was her opinion that the print at the victim's residence "came from the same shoe."  Boleware then objected to the testimony because the officer was not an expert in shoe print comparison.

A timely objection must be made in order to preserve an error in the admission of evidence.  *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).  The objection should be made as soon as the ground for objection becomes apparent.  *Id*.  If a question clearly calls for an objectionable response, the defendant should make his objection before the witness responds to the question.  *Id*.  If the defendant fails to object until after the objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely; error is waived.  *Id*.

Here, the State asked the law enforcement officer whether she had an opinion as to whether the shoe prints matched.  Certainly, this would have made the ground for the objection apparent.  By waiting until after the witness had answered the question, Boleware did not timely object to this question.[2]  We overrule Boleware's issue three.

*Brady Violation*

Boleware's next complaint is that the State violated the requirements of *Brady v. Maryland* regarding the production of exculpatory and impeachment evidence.  *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).  A prosecutor has an affirmative duty to turn over material, favorable evidence to the defense.  *Brady v.*

---

[2] We note that the Court of Criminal Appeals has stated that shoe print opinions may be admissible as lay opinion as well as expert opinion.  *See Rodgers v. State*, 205 S.W.3d 525, 532 (Tex. Crim. App. 2006).

*Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). To determine whether a prosecutor's actions violate a defendant's due process rights, we employ a three-part test. We consider whether: (1) the prosecutor failed to disclose evidence; (2) the evidence is favorable to the accused; and (3) the evidence is material (i.e., whether a reasonable probability exists that the result of the proceeding would have been different if the evidence had been disclosed to the defense). *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); *Little*, 991 S.W.2d at 866. When, as here, the disclosure of evidence occurs at trial, the issue becomes whether the tardy disclosure prejudiced the defendant. *Id*. If the defendant received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it should have been. *Id*.

Boleware contends there were two *Brady* violations: (1) that the State did not disclose the criminal history of the victim in writing until the day of trial, and (2) that the name of the owner of a firearm found on the ground near where Boleware and his co-defendant were stopped was not disclosed until near the close of the State's case through a State witness even though the State was aware of his identity approximately four days prior to the witness's testimony. However, it is apparent from the record that Boleware knew of the victim's criminal history prior to trial and was able to question him extensively about his criminal history during his testimony. Boleware did not ask for a continuance. The trial court ruled that Boleware would be allowed to recall any witness that had previously testified to question them about this information, although Boleware did not do so. Further, regarding the firearm, Boleware was acquitted of the

firearm charge against him. Assuming without deciding that the failure to disclose the evidence would constitute a *Brady* violation, we find that Boleware has made no showing that he was prejudiced by the tardy disclosure of the information. We overrule Boleware's issue four.

*Legal and Factual Sufficiency*

Boleware's final contention is that the evidence is legally and factually insufficient to find that he was ever inside the victim's residence or that he committed theft of any property. However, he makes no further reference to factual sufficiency through argument or authorities in his brief on the merits. Accordingly, Boleware's complaint regarding factual sufficiency is inadequately briefed, and therefore, waived. *See* TEX. R. APP. P. 38.1(i). *See also Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). "[C]ourts reviewing all the evidence in a light favorable to the verdict must assume jurors made all inferences in favor of their verdict if reasonable minds could, and disregard all other inferences in their legal sufficiency review." *Evans v. State*, 202 S.W.3d 158, 165 n.27 (Tex. Crim. App. 2006) (*quoting City of Keller v. Wilson*, 168 S.W.3d 802, 821 (Tex. 2005)); *accord Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

Under a legal sufficiency review, we consider all of the evidence admitted, both properly and improperly admitted, as well as direct and circumstantial evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (*citing Jackson v. Virginia*, 443 U.S. at 318-19). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

The victim described seeing a person in a brown jumpsuit in his yard, which matched Boleware's apparel when he was approached by law enforcement the night of the offense. A shoe print was found on the door that had been kicked in that matched the shoes Boleware had on when he was arrested. The home had been ransacked. A black box had been identified as missing by the victim, who stated that it had been in a closet in his residence prior to the burglary. The victim had followed the man from his front yard until law enforcement stopped the vehicle in which Boleware was a passenger. The missing black box was found in that vehicle. The victim had not given permission for anyone to take the black box.

The jury charge authorized the jury to find appellant guilty as either a principal or a party to the offense. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a)(2) (Vernon 2003). Therefore, if there is legally sufficient evidence that Boleware acted as either a principal or party to the offense, we will uphold the jury's verdict. *See Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992) ("The principle is well-established that when the jury returns a general verdict and the evidence is sufficient to support a guilty finding under any of the allegations submitted, the verdict will be upheld.").

Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PEN. CODE ANN. § 7.01(a) (Vernon 2003). A person is "criminally responsible" for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id*. § 7.02(a)(2). Evidence is sufficient to convict under the law of parties where the accused is physically present at the commission of the offense and encourages its commission by words or other agreement. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). In determining whether an accused participated as a party, the fact finder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the accused that show an understanding and common design to commit the offense. *Id*. Further, circumstantial evidence may be used to prove party status. *Id*. To convict under the law of parties, when the defendant is not the "primary actor," the State must prove (1) conduct constituting an offense, and

(2) an act by the defendant that was done with the intent to promote or assist such conduct. *Christensen v. State*, 240 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Reviewing the evidence in the light most favorable to the prosecution, we find the evidence is legally sufficient to establish that Boleware at a minimum committed the burglary of a habitation pursuant to the law of parties. Boleware was identified as matching the description of the person spotted in the victim's yard, his footprint was on a door that was kicked in at the victim's house, and he had been chased and later stopped in a vehicle that contained property from the residence that was identified by the victim as being missing. The jury could reasonably infer the intent to deprive the victim of his property. *See Rowland v. State*, 744 S.W.2d 610, 613 (Tex. Crim. App. 1988) (unlawful appropriation of property may be construed by jury as circumstantial evidence of intent to deprive the owner of the property). Further, Boleware does not contend that his co-defendant did not enter the residence or commit theft. We overrule Boleware's issue five.

### *Adoption of Issues of Co-Defendant*

Boleware requested this Court to allow him to adopt his co-defendant's issues on appeal. The State has objected to this. We deny this request. It is the obligation of each defendant to raise all of his issues for appeal in his brief. TEX. R. APP. P. 38.1(f) ("The brief must state concisely *all* issues or points presented for review." (emphasis added)). Additionally, it is not the obligation of this Court to create or restructure Boleware's

argument for him to make it fit his case, which would likely be necessary in an analysis of issues raised by his co-defendant and not by him.

*Conclusion*

We find that the trial court did not abuse its discretion in denying Boleware's motion to testify free from impeachment by his prior convictions. We also find that the State did not ask improper commitment questions to the venire panel. Boleware's objection to the admissibility of the opinion evidence regarding the shoe prints was not properly preserved. We find that Boleware did not establish that he was prejudiced by any *Brady* violation. Boleware waived his complaint regarding the factual sufficiency of the evidence. We find that the evidence was legally sufficient to support Boleware's conviction for burglary of a habitation. We deny Boleware's request to adopt his co-defendant's issues on appeal. We affirm the judgment.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
Do not publish
[CRPM]