

IN THE
TENTH COURT OF APPEALS

No. 10-08-00360-CR
No. 10-08-00361-CR

SEDRIC LAMON SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 32887CR and 32888CR

MEMORANDUM  OPINION

Sedric Lamon Smith was convicted by a jury of the offense of Burglary of a

Habitation (No. 10-08-00361-CR) and of the offense of Unlawful Possession of a Firearm

by a Felon (No. 10-08-00360-CR).[1]  TEX. PEN. CODE ANN. §§ 30.02 & 46.04 (Vernon 2003).

Smith pled true to one prior felony conviction for enhancement purposes, and was

sentenced to a term of seventy (70) years and ten (10) years, respectively, in the Texas

Department of Criminal Justice – Institutional Division.  TEX. PEN. CODE ANN. §§ 12.42

& 12.34 (Vernon 2003).  Because we find that the State's questions were not improper

---

[1] Because Smith's two cases were heard simultaneously, he has two separate appeals pending, and he has filed briefs with identical arguments in each appeal, we will consider both appeals in this opinion.

commitment questions, that the failure to object to the trial court's questioning was not fundamental error and was waived, that Smith's failure to testify waived his objection regarding his motion to testify free from impeachment, and that he did not establish that he was prejudiced by a *Brady* violation, if any, we affirm. We also deny Smith's request to adopt his co-defendant's issues on appeal.[2]

*Commitment Questions*

Smith contends that the trial court erred by allowing the State to improperly commit the jury panel to disregard the victim's criminal history. A commitment question is one that commits a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *Standefer v. State*, 59 S.W.3d 177, 179-80 (Tex. Crim. App. 2001). It is generally improper to ask a commitment question during voir dire because it amounts to an improper attempt to bind a juror. *See Lydia v. State*, 117 S.W.3d 902, 905 (Tex. App.—Fort Worth 2003, pet. ref'd) (op. on remand). However, some commitment questions are proper. *Id.*; *see Standefer*, 59 S.W.3d at 181-83.

For instance, counsel may ask prospective jurors whether they can follow the law when it requires a certain type of commitment from jurors and when the question states only the facts required to establish a challenge for cause. *Standefer*, 59 S.W.3d at 181-82 (illustrating that counsel can ask jurors whether they can consider probation when the law requires the jurors to be able to consider the full range of punishment); *Vann v. State*, 216 S.W.3d 881, 884-85 (Tex. App.—Fort Worth 2007, no pet.). However, when

---

[2] Smith was tried simultaneously on both charges together with his co-defendant, Derek Boleware, who was also convicted of the burglary but acquitted of the possession of a firearm by a felon charge (No. 10-08-00336-CR).

"the law does not require the commitment, a commitment question is invariably improper." *Standefer*, 59 S.W.3d at 181.

Thus, the determination of whether a question is an improper commitment question consists of a three-part test: (1) is the question a commitment question; (2) could a possible answer to the question produce a valid challenge for cause because it would show that a juror would not follow the law; and (3) does the question only contain the facts required to make such a challenge. *See Tijerina v. State*, 202 S.W.3d 299, 302 (Tex. App.—Fort Worth 2006, pet. ref'd) (op. on reh'g). "[T]he purpose for prohibiting improper commitment questions by either the State or the defendant is to ensure that the jury will listen to the evidence with an open mind--a mind that is impartial and without bias or prejudice--and render a verdict based upon that evidence." *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005).

Attempting to determine whether a potential juror would automatically be biased against a witness who has a criminal history is a commitment question. *Lydia v. State*, 109 S.W.3d 495, 499 (Tex. Crim. App. 2003). We then must decide if a possible answer to the question could result in a challenge for cause. A prospective juror may be properly challenged for cause and removed "if he cannot impartially judge the credibility of a witness." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070, 146 L. Ed. 2d 487, 120 S. Ct. 1680 (2000). Potential jurors "must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness." *Id.*

By asking the questions, it is apparent that the prosecution was trying to learn if any of the prospective jurors had "extreme or absolute positions regarding the

credibility of any witness" based on the witness's potential criminal history. *Ladd*, 3 S.W.3d at 560. It is possible that the answers to these questions could lead to a challenge for cause under article 35.16(a)(9) based on a juror's bias. TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (Vernon 2006); *Ladd*, 3 S.W.3d at 560 (holding that a prospective juror may be properly challenged for cause and removed if he cannot impartially judge the credibility of a witness); *see also Rivera v. State*, 82 S.W.3d 64, 66-67 (Tex. App.—San Antonio 2002, pet. ref'd) (stating that if a prospective juror responded to a question by stating that he would automatically disbelieve a defendant's testimony simply because he was the defendant, that person would be stricken for cause). Thus, the questions meet the second *Standefer* prong for proper commitment questions. *See Lydia*, 117 S.W.3d at 906. Smith does not contend that the questions contained more facts than necessary, but only that the questions were improper commitment questions because they committed the venire to not considering whether the victim was "a bad guy, a gangster and not a saint" in their deliberations. We overrule issue one.

### Improper Comments by Trial Court

Smith complains that the trial court made comments during voir dire, which vitiated the presumption of innocence and improperly created a bias in favor of the victim. Smith admits he did not object to these comments, but contends that they constitute fundamental error, which requires no objection. He further contends that these comments compounded the harm from the State's improper commitment questions, although we have determined that they were not, in fact, improper commitment questions in Smith's first issue.

Without a contemporaneous objection, error is generally waived, and in that instance, an appellate court may only review fundamental error. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); *Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); TEX. R. EVID. 103(d). Because Smith failed to object at trial, the comments must rise to the level of fundamental error to be preserved for appeal. To support his fundamental-error argument, Smith relies primarily on *Blue v. State*. 41 S.W.3d 129 (Tex. Crim. App. 2000). In *Blue*, a plurality of the Court of Criminal Appeals held that the trial court's comments explaining to the jury that the defendant had attempted to enter into a plea bargain with the State and that the trial court would have preferred a guilty plea vitiated the presumption of innocence before the venire, constituted fundamental error and, therefore, required no objection. *Id.* at 132-33.

The first comments by the trial court that Smith now contends vitiates his presumption of innocence went as follows:

> [I]n every criminal case, …, a defendant is presumed to be innocent. That is, nobody has to prove – that's another way of saying nobody has to prove they're not guilty. It's up to the prosecution to prove a defendant guilty, if they can.
>
> And up until the time they do that, the jury is required to presume the defendant not guilty. And also, in conjunction with this right not to – right to be presumed innocent and right not to have to prove they're innocent is the right not to have to testify in order to prove your innocence in a criminal case.
>
> This has -- I'll visit this later again. This really doesn't have any application in a civil case. There's no Fifth Amendment right in civil cases, but we'll get to that later. In other words, one party or the other can call each other's witnesses and each other's plaintiff and defendant in order to prove their case. But criminal cases, prosecution can't call the

defendant as a witness. The defendant is not required to be a witness in the case because they're not required to prove their innocence.

To give you an example of that, suppose three witnesses got on the witness stand that the prosecution called and each one of those witnesses testified, I saw the defendant commit each and every element of the indictment that's alleged in the offense. And I personally saw them do that and I know they did that. And the prosecution put on three witnesses to say that.

And the defense didn't say anything. They didn't cross-examine the witnesses. They didn't present any witnesses of their own. *They didn't even call the defendant to the witness stand to say*, I didn't do what they say I did. In the event the defendant elects to do that, you cannot take that as a circumstance against the defendant. And you can't consider it as any evidence against the defendant.

And if you evaluate this prosecution's testimony and you look at witness number one who said I saw the defendant do all this, you may decide, well, that witness, when he got on the stand, was obviously intoxicated. I'm not even sure he understood the questions. It sounded like the prosecution was spoon-feeding him. The second witness, he's absolutely insane. He didn't tell the same story twice.

Even on direct examination, he kept wishy-washing around. The third witness, he has such an ax to grind against the defendant for whatever reason that he could – you know, his testimony is just tainted beyond belief because he just obviously really has something against the defendant. So I really can't – I don't really -- can't really buy all the State's witnesses on this case.

But you know what, the defense didn't put on any witnesses. The defense – the defendant didn't tell me he didn't do it. And so even though the witnesses for the prosecution are shaky and there's not enough to convince me beyond a reasonable doubt that the defendant committed the offense, he must have because he didn't tell me he didn't do so. And so, therefore, I'm going to find him guilty.

That's what you can't do. So if a defendant elects not to testify, you cannot take that as a circumstance against him. On the other hand, if the defense elects to put on a defense and suppose we had those same shaky witnesses from the prosecution, and the prosecution put on these shaky witnesses and you had the same feelings about them, saying, boy, I can't wait to get back to the jury room because I'm going to find these guys, or whoever the defendant is, not guilty as quick as I can because the

prosecution's evidence is just pitiful and I couldn't find anybody guilty beyond a reasonable doubt on this case.

But the defense, for whatever reason, they decide not to rest because they want to hit that home run. They want that Guinness Book of Records, jury verdict in less than two seconds, or *for whatever reason, they decide to put on a defense. And they put on witnesses and they put on the defendant.* And after listening to the defendant and listening to their side of the case, even though at the first part of the case you said, shoot, I'm going to vote not guilty, after hearing the second part of the case and after hearing the second set, boy, after I hear that testimony, I'm convinced beyond a reasonable doubt the defendant did commit the offense.

So if a defendant does not elect to testify, you can't take that as a circumstance against them. If a defendant elects to testify, then their testimony is just like any other testimony that may be offered in the case and you can consider it in determining a verdict for guilty or not guilty. Okay?

Reporter's Record Volume 6, pages 55-58 (emphasis added).

Smith's complains of the two italicized sections in the above section. He contends that the trial court improperly commented on his right to remain silent when the trial court said, "They didn't even call the defendant to the stand to say" and "for whatever reason, they decide to put on a defense. And they put on witnesses and they put on the defendant." Taking the statements in the context in which they were made, we cannot say that they constituted a comment on the Smith's right to remain silent or that they vitiated Smith's presumption of innocence. *See Jasper*, 61 S.W.3d at 421 (holding that, even under the reasoning of the *Blue* plurality, the trial judge's comments would not rise to the level of fundamental error); *Ganther*, 187 S.W.3d at 650-51 (concluding that, even if court of appeals were bound by the *Blue* plurality, the trial judge's comments during voir dire did not rise to the level of tainting the presumption of innocence or vitiating the impartiality of the jury).

Smith's other contention is that the trial court erred in making comments that enhanced the State's improper commitment questions regarding the victim's criminal history. The trial court clarified the State's question to the venireperson by stating that because a person committed a crime in the past does not give the general public permission to commit a crime against him free from prosecution, later using an illustration of the St. Valentine's Day Massacre when some gangsters lined other gangsters up on a wall and executed them and that to do so is not justifiable, but is still murder. No objection was lodged to the trial court making improper comments or demonstrating bias to the jury. Smith now contends that the trial court's references to gangsters imply that he is a "guilty gangster criminal" which vitiated the presumption of innocence.

We reject Smith's characterization of the trial court's comments and conclude from our review of the record that none of the court's complained-of comments rise to the level of fundamental error obviating the need to object in the trial court. *See Jasper*, 61 S.W.3d at 421; *Ganther*, 187 S.W.3d at 650-51. Because Smith did not object to the trial court's comments and because the alleged error was not fundamental error, Smith's complaint has been waived. *See* TEX. R. APP. P. 33.1(a); *Jasper*, 61 S.W.3d at 421. We overrule issue two.

*Admissibility of Prior Convictions*

Smith filed a pre-trial motion to testify free from impeachment by his prior convictions. Under Texas Rule of Evidence 609(a), the credibility of a witness may be attacked with a prior felony conviction or a conviction that involved moral turpitude.

TEX. R. EVID. 609(a). Before the evidence is admitted, the trial court must determine that the probative value of the evidence outweighs its prejudicial effect to the party. *Id*.

In this case, we do not reach the merits of Smith's argument because he did not testify at trial and has not otherwise indicated what his testimony would have been. *See Jackson v. State*, 992 S.W.2d 469, 479 (Tex. Crim. App. 1999); *Yanez v. State*, 199 S.W.3d 293, 303 (Tex. App.—Corpus Christi 2006, pet. ref'd); *Caballero v. State*, 919 S.W.2d 919, 923 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd); *Richardson v. State*, 832 S.W.2d 168, 172 (Tex. App.—Waco 1992, pet. ref'd). To preserve error on a trial court's ruling that permits the State to impeach a defendant with prior convictions, the defendant must have testified. *Jackson*, 992 S.W.2d at 479 (*citing Luce v. United States*, 469 U.S. 38, 43, 105 S. Ct. 460, 464, 83 L. Ed. 2d 443 (1984) (holding that a defendant must actually testify to preserve error on improper impeachment under Federal Rule of Evidence 609(a)).; *Yanez*, 199 S.W.3d at 303; *Caballero*, 919 S.W.2d at 923. A reviewing court is unable to weigh the probative value of the proffered testimony against its prejudicial effect without a factual record of the appellant's testimony at trial. *Jackson*, 992 S.W.2d at 479; *Yanez*, 199 S.W.3d at 303; *Caballero*, 919 S.W.2d at 923. Without such a record, there is no impeachment evidence for prior convictions and we cannot sufficiently review for error. *See Long v. State*, 245 S.W.3d 563, 573 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Yanez*, 199 S.W.3d at 303. Therefore, we overrule Smith's third issue.

### Brady Violation

Smith's next complaint is that the State violated the requirements of *Brady v. Maryland* regarding the production of exculpatory and impeachment evidence. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). A prosecutor has an

affirmative duty to turn over material, favorable evidence to the defense. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). To determine whether a prosecutor's actions violate a defendant's due process rights, we employ a three-part test. We consider whether: (1) the prosecutor failed to disclose evidence; (2) the evidence is favorable to the accused; and (3) the evidence is material (i.e., whether a reasonable probability exists that the result of the proceeding would have been different if the evidence had been disclosed to the defense). *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); *Little*, 991 S.W.2d at 866. When, as here, the disclosure of evidence occurs at trial, the issue becomes whether the tardy disclosure prejudiced Smith. *Id*. If Smith received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it should have been. *Id*.

Smith contends there were two *Brady* violations: (1) that the State did not disclose the criminal history of the victim in writing until the day of trial, and (2) that the name of the owner of a firearm found on the ground near where Smith and his co-defendant were stopped was not disclosed until near the close of the State's case through a witness for the State even though the State was aware of his identity approximately four days prior to the witness's testimony. However, it is apparent from the record that Smith knew of the victim's criminal history prior to trial and was able to question him extensively about his criminal history during his testimony. He did not ask for a continuance at any time to investigate either of these issues. The trial court ruled that Smith would be allowed to recall any witness that had previously testified to question them about this information, although Smith did not do so.

Further, regarding the firearm, two firearms were located at that time, one of which was in the vehicle and was registered to Smith's spouse. A loaded magazine fell out of Smith's lap when he got out of the vehicle after law enforcement stopped him. The gun owned by Smith's spouse was located in the console of the vehicle. The magazine fit that firearm, and the firearm had a bullet in the chamber that matched those in the magazine that had fallen from Smith's lap. Additionally, Smith admitted to ownership of the firearm to the officer on the scene. The issue regarding the identity of the owner of the gun was solely related to the other firearm recovered on the ground near where Smith's vehicle was stopped. Assuming without deciding that the failure to disclose the evidence would constitute a *Brady* violation, we find that Smith has made no showing that he was prejudiced by the tardy disclosure of the information. We overrule Smith's issue four.

*Adoption of Issues of Co-Defendant*

Smith requested this Court to allow him to adopt his co-defendant's issues on appeal. The State has objected to this. We deny this request. It is the obligation of each defendant to raise all of his issues for appeal in his brief. TEX. R. APP. P. 38.1(f) ("The brief must state concisely *all* issues or points presented for review." (emphasis added)). Additionally, it is not the obligation of this Court to create or restructure Smith's argument for him to make it fit his case, which would likely be necessary in an analysis of issues raised by his co-defendant and not by him.

*Conclusion*

We find that the State did not ask improper commitment questions to the venire panel. We also find that any error regarding the trial court's comments is not

fundamental error, and because there was no objection, that issue is waived.  We find that the trial court did not abuse its discretion in denying Smith's motion to testify free from impeachment by his prior convictions.  We find that Smith did not establish that he was prejudiced by any *Brady* violation.  We deny Smith's request to adopt his co-defendant's issues on appeal.  We affirm the judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
Do not publish
[CRPM]