IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00336-CR

 

Derek Boleware,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 32842CR

 



MEMORANDUM  Opinion










 

            Derek Boleware was convicted by a jury
of the offense of Burglary of a Habitation and acquitted of the offense of
Unlawful Possession of a Firearm by a Felon.  Tex.
Pen. Code Ann. §§ 30.02 & 46.04 (Vernon 2003).  Boleware pled true
to two prior felony convictions for enhancement purposes, and was sentenced to
a term of thirty-five (35) years in the Texas Department of Criminal Justice –
Institutional Division.  Tex. Pen. Code
Ann. § 12.42 (Vernon 2003).  Because we find the trial court did not
abuse its discretion in denying Boleware’s motion regarding prior convictions,
that the questions by the State were not improper commitment questions, that
the objection to the shoe print comparison was waived, that Boleware failed to
show prejudice from any Brady violations, the complaint regarding
factual sufficiency was waived, and the evidence is legally sufficient, we
affirm the judgment.  We also deny Boleware’s request to adopt his
co-defendant’s issues on appeal.[1]

Admissibility of Prior Convictions

            Boleware filed a pre-trial motion to
testify free from impeachment by his prior convictions.  Under Texas Rule of
Evidence 609(a), the credibility of a witness may be attacked with a prior
felony conviction or a conviction that involved moral turpitude.  Tex. R. Evid. 609(a).  Before the
evidence is admitted, the trial court must determine that the probative value
of the evidence outweighs its prejudicial effect to the party.  Id.

            In this case, we do not reach the
merits of Boleware's argument because he did not testify at trial and has not
otherwise indicated what his testimony would have been.  See Jackson v.
State, 992 S.W.2d 469, 479 (Tex. Crim. App. 1999); Yanez v. State, 199
S.W.3d 293, 303 (Tex. App.—Corpus Christi 2006, pet. ref'd); Caballero v.
State, 919 S.W.2d 919, 923 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref'd); Richardson v. State, 832 S.W.2d 168, 172 (Tex. App.—Waco 1992,
pet. ref'd).  To preserve error on a trial court's ruling
that permits the State to impeach a defendant with prior convictions, the
defendant must have testified.  Jackson, 992 S.W.2d at 479 (citing
Luce v. United States, 469 U.S. 38, 43, 105 S. Ct. 460, 464, 83 L. Ed. 2d
443 (1984) (holding that a defendant must actually testify to preserve error on
improper impeachment under Federal Rule of Evidence 609(a)).;
Yanez, 199 S.W.3d at 303; Caballero, 919 S.W.2d at 923.  A
reviewing court is unable to weigh the probative value of the proffered
testimony against its prejudicial effect without a factual record of the
appellant's testimony at trial.  Jackson, 992 S.W.2d at 479; Yanez,
199 S.W.3d at 303; Caballero, 919 S.W.2d at 923.  Without such a record,
there is no impeachment evidence for prior convictions and we cannot sufficiently
review for error.  See Long v. State, 245 S.W.3d 563, 573 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Yanez, 199 S.W.3d at 303.  Therefore,
we overrule Boleware’s first issue.

Commitment Questions

            Boleware contends that the trial court
erred by allowing the State to improperly commit the jury panel to disregard
the victim’s criminal history.  A commitment question is one that commits a
prospective juror to resolve, or to refrain from resolving, an issue a certain
way after learning a particular fact.  Standefer v. State, 59 S.W.3d
177, 179-80 (Tex. Crim. App. 2001).  It is generally improper to ask a
commitment question during voir dire because it amounts to an improper attempt
to bind a juror.  See Lydia v. State, 117 S.W.3d 902, 905 (Tex. App.—Fort
Worth 2003, pet. ref'd) (op. on remand).  However, some commitment questions
are proper.  Id.; see Standefer, 59 S.W.3d at 181-83.

For instance, counsel may ask prospective jurors
whether they can follow the law when it requires a certain type of commitment
from jurors and when the question states only the facts required to establish a
challenge for cause.  Standefer, 59 S.W.3d at 181-82 (illustrating that
counsel can ask jurors whether they can consider probation when the law
requires the jurors to be able to consider the full range of punishment); Vann
v. State, 216 S.W.3d 881, 884-85 (Tex. App.—Fort Worth 2007, no pet.). 
However, when "the law does not require the commitment, a commitment
question is invariably improper."  Standefer, 59 S.W.3d at 181.

Thus, the determination of
whether a question is an improper commitment question consists of a three-part
test: (1) is the question a commitment question; (2) could a possible answer to
the question produce a valid challenge for cause because it would show that a
juror would not follow the law; and (3) does the question only contain the
facts required to make such a challenge.  See Tijerina v. State, 202
S.W.3d 299, 302 (Tex. App.—Fort Worth 2006, pet. ref'd) (op. on reh'g). 
"[T]he purpose for prohibiting improper commitment questions by either the
State or the defendant is to ensure that the jury will listen to the evidence
with an open mind--a mind that is impartial and without bias or prejudice--and
render a verdict based upon that evidence."  Sanchez v. State, 165
S.W.3d 707, 712 (Tex. Crim. App. 2005).

Attempting to determine whether a potential juror
would automatically be biased against a witness who has a criminal history is a
commitment question.  Lydia v. State, 109 S.W.3d 495, 499 (Tex. Crim. App. 2003).  We then must decide if a possible answer to the question could
result in a challenge for cause.  A prospective juror may be properly
challenged for cause and removed "if he cannot impartially judge the
credibility of a witness."  Ladd v. State, 3 S.W.3d 547, 560 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070, 146 L. Ed. 2d 487, 120 S. Ct. 1680 (2000).  Potential jurors "must be open-minded and persuadable, with no
extreme or absolute positions regarding the credibility of any witness."  Id.  

By asking the questions, it is apparent that the
prosecution was trying to learn if any of the prospective jurors had
"extreme or absolute positions regarding the credibility of any
witness" based on the witness's potential criminal history.  Ladd,
3 S.W.3d at 560.  It is possible that the answers to these questions could lead
to a challenge for cause under article 35.16(a)(9)
based on a juror's bias.  Tex. Code
Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 2006); Ladd, 3 S.W.3d
at 560 (holding that a prospective juror may be properly
challenged for cause and removed if he cannot impartially judge the credibility
of a witness); see also Rivera v. State, 82 S.W.3d 64, 66-67 (Tex. App.—San
Antonio 2002, pet. ref'd) (stating that if
a prospective juror responded to a question by stating that he would
automatically disbelieve a defendant's testimony simply because he was the
defendant, that person would be stricken for cause).  Thus, the questions meet
the second Standefer prong for proper commitment questions.  See Lydia, 117 S.W.3d at 906.  Boleware does not contend that the questions contained more
facts than necessary, but only that the questions were improper commitment
questions because they committed the venire to not considering whether the
witness was “a bad guy” in their deliberations.  We overrule issue two.

Shoe Print Comparison

            Boleware complains that the trial court abused its discretion in
allowing opinion testimony from a law enforcement officer investigating the
scene of the burglary.  The officer testified that a shoe print was found on
one of the doors to the victim’s residence that had been kicked in.  She
compared a photograph of that print to Boleware’s shoes and stated that it was
her opinion that the print at the victim’s residence “came from the same
shoe.”  Boleware then objected to the testimony because the officer was not an
expert in shoe print comparison.

            A timely objection must be made in
order to preserve an error in the admission of evidence.  Dinkins v. State,
894 S.W.2d 330, 355 (Tex. Crim. App. 1995).  The objection should be made as
soon as the ground for objection becomes apparent.  Id.  If a question clearly
calls for an objectionable response, the defendant should make his objection
before the witness responds to the question.  Id.  If the defendant
fails to object until after the objectionable question has been asked and
answered, and he can show no legitimate reason to justify the delay, his
objection is untimely; error is waived.  Id.

            Here, the State asked the law
enforcement officer whether she had an opinion as to whether the shoe prints
matched.  Certainly, this would have made the ground for the objection
apparent.  By waiting until after the witness had answered the question,
Boleware did not timely object to this question.[2] 
We overrule Boleware’s issue three.

Brady Violation

            Boleware’s next complaint is that the State violated the requirements
of Brady v. Maryland regarding the production of exculpatory and
impeachment evidence.  Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10
L. Ed. 2d 215 (1963).  A prosecutor has an affirmative duty to turn
over material, favorable evidence to the defense.  Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); Little v. State,
991 S.W.2d 864, 866 (Tex. Crim. App. 1999).  To determine whether a
prosecutor's actions violate a defendant's due process rights, we employ a
three-part test.  We consider whether: (1) the prosecutor failed to disclose
evidence; (2) the evidence is favorable to the accused; and (3) the evidence is
material (i.e., whether a reasonable probability exists that the result of the
proceeding would have been different if the evidence had been disclosed to the
defense).  Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); Little,
991 S.W.2d at 866.  When, as here, the disclosure of evidence occurs at trial,
the issue becomes whether the tardy disclosure prejudiced the defendant.  Id.  If the defendant received the material in time to use it effectively at trial,
his conviction should not be reversed just because it was not disclosed as
early as it should have been.  Id.

            Boleware contends there were two Brady
violations:  (1) that the State did not disclose the criminal history of the
victim in writing until the day of trial, and (2) that the name of the owner of
a firearm found on the ground near where Boleware and his co-defendant were
stopped was not disclosed until near the close of the State’s case through a
State witness even though the State was aware of his identity approximately
four days prior to the witness’s testimony.  However, it is apparent from the
record that Boleware knew of the victim’s criminal history prior to trial and
was able to question him extensively about his criminal history during his
testimony.  Boleware did not ask for a continuance.  The trial court ruled that
Boleware would be allowed to recall any witness that had previously testified
to question them about this information, although Boleware did not do so. 
Further, regarding the firearm, Boleware was acquitted of the firearm charge
against him.  Assuming without deciding that the failure to disclose the
evidence would constitute a Brady violation, we find that Boleware has
made no showing that he was prejudiced by the tardy disclosure of the
information.  We overrule Boleware’s issue four.

Legal and Factual Sufficiency  

Boleware’s final contention is that the evidence
is legally and factually insufficient to find that he was ever inside the
victim’s residence or that he committed theft of any property.  However, he
makes no further reference to factual sufficiency through argument or
authorities in his brief on the merits.  Accordingly, Boleware’s complaint
regarding factual sufficiency is inadequately briefed, and therefore, waived.  See
Tex. R. App. P. 38.1(i).  See
also Wyatt v.
State, 23 S.W.3d
18, 23 n.5 (Tex. Crim. App. 2000).

In reviewing the legal sufficiency of the
evidence, this Court looks at all of the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
 Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  "[C]ourts
reviewing all the evidence in a light favorable to the verdict must assume
jurors made all inferences in favor of their verdict if reasonable minds could,
and disregard all other inferences in their legal sufficiency review."  Evans
v. State, 202 S.W.3d 158, 165 n.27 (Tex. Crim. App. 2006) (quoting City
of Keller v. Wilson, 168 S.W.3d 802, 821 (Tex. 2005)); accord Watson v.
State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). 

Under a legal sufficiency review, we consider all
of the evidence admitted, both properly and improperly admitted, as well as
direct and circumstantial evidence.  Conner v. State, 67 S.W.3d 192, 197
(Tex. Crim. App. 2001).  The jury, as sole judge of the witnesses' credibility
and the weight to be given their testimony, is free to accept or reject any or
all of the evidence presented by either side.  See Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  The reviewing court must give
deference to "the responsibility of the trier of fact to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts."  Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443
 U.S. at 318-19).  Circumstantial evidence is as probative as direct evidence
in establishing the guilt of an actor and can alone be sufficient to establish
guilt.  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

The victim described seeing a person in a brown
jumpsuit in his yard, which matched Boleware’s apparel when he was approached
by law enforcement the night of the offense.  A shoe print was found on the
door that had been kicked in that matched the shoes Boleware had on when he was
arrested.  The home had been ransacked.  A black box had been identified as
missing by the victim, who stated that it had been in a closet in his residence
prior to the burglary.  The victim had followed the man from his front yard
until law enforcement stopped the vehicle in which Boleware was a passenger. 
The missing black box was found in that vehicle.  The victim had not given
permission for anyone to take the black box.  

The jury charge authorized the jury to find
appellant guilty as either a principal or a party to the offense.  See Tex. Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon
2003).  Therefore, if there is legally sufficient evidence that Boleware acted
as either a principal or party to the offense, we will uphold the jury's
verdict.  See Rabbani v. State, 847 S.W.2d 555, 558 (Tex. Crim. App.
1992) ("The principle is well-established that when the jury returns a
general verdict and the evidence is sufficient to support a guilty finding
under any of the allegations submitted, the verdict will be upheld.").

Under the law of parties, "[a] person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both."  Tex.
Pen. Code Ann. § 7.01(a) (Vernon 2003).  A person is "criminally
responsible" for an offense committed by the conduct of another if, acting
with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense.  Id. § 7.02(a)(2).  Evidence is sufficient to convict under the law of parties where
the accused is physically present at the commission of the offense and
encourages its commission by words or other agreement.  Ransom v. State,
920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  In determining whether an accused
participated as a party, the fact finder may examine the events occurring
before, during, and after the commission of the offense and may rely on actions
of the accused that show an understanding and common design to commit the
offense.  Id.  Further, circumstantial evidence may be used to prove
party status.  Id.  To convict under the law of parties, when the
defendant is not the "primary actor," the State must prove (1)
conduct constituting an offense, and (2) an act by the defendant that was done
with the intent to promote or assist such conduct.  Christensen v. State,
240 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). 

Reviewing the evidence in the light most favorable
to the prosecution, we find the evidence is legally sufficient to establish
that Boleware at a minimum committed the burglary of a habitation pursuant to
the law of parties.  Boleware was identified as matching the description of the
person spotted in the victim’s yard, his footprint was on a door that was
kicked in at the victim’s house, and he had been chased and later stopped in a
vehicle that contained property from the residence that was identified by the
victim as being missing.  The jury could reasonably infer the intent to deprive
the victim of his property.  See Rowland v. State, 744 S.W.2d 610, 613 (Tex. Crim. App. 1988) (unlawful appropriation of property may be construed by jury as
circumstantial evidence of intent to deprive the owner of the property). 
Further, Boleware does not contend that his co-defendant did not enter the
residence or commit theft.  We overrule Boleware’s issue five.

Adoption of Issues of Co-Defendant

            Boleware requested this Court to allow him to adopt his
co-defendant’s issues on appeal.  The State has objected to this.  We deny this
request.  It is the obligation of each defendant to raise all of his issues for
appeal in his brief.  Tex. R. App. P.
38.1(f) (“The brief must state concisely all issues or points presented
for review.”  (emphasis added)).  Additionally, it is not the obligation of
this Court to create or restructure Boleware’s argument for him to make it fit
his case, which would likely be necessary in an analysis of issues raised by
his co-defendant and not by him.  

Conclusion

            We find that the trial court did not abuse its discretion in denying
Boleware’s motion to testify free from impeachment by his prior convictions. 
We also find that the State did not ask improper commitment questions to the
venire panel.  Boleware’s objection to the admissibility of the opinion
evidence regarding the shoe prints was not properly preserved.  We find that
Boleware did not establish that he was prejudiced by any Brady
violation.  Boleware waived his complaint regarding the factual sufficiency of
the evidence.  We find that the evidence was legally sufficient to support
Boleware’s conviction for burglary of a habitation.  We deny Boleware’s request
to adopt his co-defendant’s issues on appeal.  We affirm the judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed November 25, 2009

Do not publish 

[CRPM]









[1]
Boleware was tried simultaneously on both charges together with his
co-defendant, Sedric Lamon Smith, who was convicted both of the same burglary
and the possession of a firearm by a felon (Nos. 10-08-00360-CR &
10-08-00361-CR).

 





[2] We
note that the Court of Criminal Appeals has stated that shoe print opinions may
be admissible as lay opinion as well as expert opinion.  See Rodgers v.
State, 205 S.W.3d 525, 532 (Tex. Crim. App. 2006).








mily:"Palatino","serif"'>To preserve error in admitting evidence,
a party must make a proper objection and get a ruling on that objection.  Tex. R. App. P. 33.1; Lane v. State,
151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citing Valle v. State, 109
S.W.3d 500, 509 (Tex. Crim. App. 2003)).  However, "[a]n error [if any] in
the admission of evidence is cured where the same evidence comes in elsewhere
without objection."  Id.  See also Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling
an objection to evidence will not result in reversal when other such evidence
was received without objection, either before or after the complained-of
ruling.").

Although Newland initially objected to
the alleged hearsay statement, he elicited the same information from Kim on
cross-examination.  Thus, error, if any, in admitting the statement to Kim by
Rhodes that “something had happened” was cured when Kim testified to the same
statement without objection on cross-examination.  

Accordingly, Newland’s second issue is
overruled.

Conclusion

            Having overruled each issue
presented on appeal, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 15, 2011

Publish


[CRPM]









[1]
 Rhodes had committed suicide almost two months after the murder.